## BURCH ET AL. v. SMOCK.

[No. 12,564.     Filed January 6, 1927.]

1. CONTINUANCE.—*Continuance for four hours held equivalent to wholly denying continuance.*—The continuance of a cause for four hours, on motion and affidavit showing that neither of defendants nor a material witness could attend on that day, was equivalent to wholly overruling the motion. p. 537.

2. CONTINUANCE.—*Waiver of change of venue cannot be required as condition of continuance.*—The court was without authority to impose on defendants asking a continuance because of their inability to appear on that day a waiver of their statutory right to a change of venue as a condition for granting a continuance for four hours. p. 537.

3. VENUE.—*Change of venue must be granted on filing of sufficient affidavit.*—The statute concerning changes of venue in

civil actions (§442 Burns 1926) is imperative, and when a sufficient affidavit for a change of venue is filed, it must be granted. p. 539.

From Marion Superior Court (A 27,608) ; *Theophilus J. Moll,* Judge.

Action by Elizabeth Smock against Clayton B. Burch and others, doing business under the name of "Fidelity Loan Company." From a judgment for plaintiff, the defendants appeal. *Reversed.* By the court in banc.

*Fred J. McCord, Louis Rosenberg, Salem D. Clark* and *Jacob Morgan,* for appellants.

*Frank Mellis* and *Joseph P. Turk,* for appellee.

NICHOLS, J.—Action by appellee against appellants for damages for the alleged malicious prosecution of a prior replevin action commenced by appellants against appellee in a justice of the peace court.

Appellants, after their several verified motions for change of venue from the county had been overruled by the court, filed an answer in general denial to the complaint.

There was a trial by jury and a verdict rendered in favor of appellee against appellants for $800 damages, after which the court rendered judgment for appellee for the amount of the verdict and costs and after appellants' motion for new trial had been overruled, this appeal was taken.

There is but one assigned error that this court needs to consider in determining the result of this appeal, and that is the action of the court in overruling appellants' motion for a change of venue from the county. It appears by the record that on March 10, 1925, appellants, by their agent, Howard Brown, managing their business and acting in this regard in their behalf, filed their verified motion and affidavit for continuance. The grounds for which, briefly stated,

being that appellant Woll was at the time a resident of Cook county, Illinois, and was at the time somewhere in the State of Iowa, his exact address being unknown, and that his said agent had for that reason been unable to communicate with him advising him that the case had been set for trial on March 11, 1925, and that he did not know of such assignment for trial. That appellant Burch was also a resident of Cook county, Illinois, and was at that time in the State of California, and that notice of such trial was communicated to him too late for him to be present. That appellant Moss was a resident of Philadelphia, Pennsylvania, and that he could not be located since notice of the date of trial. That the absence of appellants had not been procured for the purpose of delaying the trial, and none of the appellants could, because of the foregoing facts, be present at the trial on March 11, 1925. It further appeared by the affidavit for continuance that one Allen, who had theretofore been manager of appellants' business, was a necessary and competent witness, the nature of his testimony being set out. That said Allen's absence had not been procured by any act of appellants, nor by other persons at their request, and that his presence could be secured at the next term of court. On March 11, 1925, the record shows that the court sustained, in part, appellants' motion for continuance by continuing the trial from 9:30 a. m., the hour set for trial, to 1:30 p. m., on condition that no change of venue nor further continuance be asked; and the court overruled the motion for continuance as to all other parts, to which ruling, appellants excepted. At 1:00 p. m., appellants tendered a verified motion, in due form and upon statutory grounds, for change of venue from the county, which motion was by the court overruled and, to which ruling of the court, appellants excepted. We do not determine as to the sufficiency of the affidavit for a con-

tinuance; nor do we determine as to whether there was reversible error in the court's ruling thereon.

3. We observe, however, that nothing whatever in the affidavit for continuance was sustained by the court's ruling continuing the case for but four hours. It clearly appears by the affidavit that none of the appellants could be present on that day, and that appellants could not try the case at that time because of the absence of witness Allen whose presence could be secured at the next term of court. With this affidavit in the record, and before us, we have to say that the only effect of the court's ruling thereon was wholly to overrule it. Under such circumstances, the court was wholly without authority to impose upon appellants a waiver of their statutory right of a change of venue as a condition for his ruling, which, in effect, was adverse to them. The statute, §442 Burns 1926, is imperative, and when, as here, a sufficient affidavit was filed, it was the court's duty to sustain it. We do not consider subsequent alleged errors presented.

The judgment is reversed, with instruction to grant a new trial, and to sustain appellants' motion for a change of venue from the county.